FILED
2022 Jul-05 PM 05:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>THE UNIVERSITY OF  )<br>ALABAMA AT BIRMINGHAM  )<br>  )<br>    Defendant.  )  | Civil Action No.:<br><br>02:2022-cv-00829-NAD |

### DEFENDANT THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA'S PARTIAL MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, Defendant The Board of Trustees of The University of Alabama[1] (hereinafter "the Board" or "Defendant"), incorrectly named as The University of Alabama at Birmingham, moves the Court to dismiss Counts Three and Four of Plaintiff Jane Doe's Complaint because the Board is immune from liability for these claims. In support of this motion, the Board states as follows:

### I. INTRODUCTION

On May 29, 2022, Plaintiff filed a Complaint against the Board in Jefferson County Circuit Court alleging violations of Title IX, 20 U.S.C. § 1681 et. seq.

---

[1] The name of the entity with the capacity to be sued is established by Alabama law. *See* ALA. CODE § 16-47-1.

{B4352344}

Plaintiff's Complaint also alleged state law claims of Negligence in Count Three and Breach of Contract in Count Four. (Compl., ¶¶ 75-85.) The Board has removed the action based on this Court's federal question jurisdiction. Each of Plaintiff's claims arise out of a common nucleus of facts. Because the Board is entitled to absolute immunity as to Plaintiff's state law claims, Counts Three and Four are due to be dismissed with prejudice.

## II. THE BOARD IS IMMUNE FROM LIABILITY FROM PLAINTIFF'S STATE LAW CLAIMS.

The Alabama Constitution protects the State and its agencies from liability for state law claims brought against it: "the State of Alabama **shall never be made a defendant in any court** of law or equity." ALA. CONST. art. I, § 14 (1901) (emphasis added). Here, because the Board is a corporate body created by the State of Alabama to operate a public university, ALA. CODE § 16-47-1, it is immune from liability from Plaintiff's state law claims in Counts Three and Four, and those claims are due to be dismissed. *See Cox v. Bd. of Trustees of Univ. of Ala.*, 161 Ala. 639, 648 (Ala. 1909) (the Board of Trustees of the University of Alabama are "mere agents of the state"); *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985) (state universities are instrumentalities of the state).

Section 14 "has been described as a 'nearly impregnable' and 'almost invincible' 'wall' that provides the State an unwaivable, absolute immunity from suit in any court." *Ex parte Town of Lowndesboro*, 950 So. 2d 1203, 1206 (Ala.

2006) (citations omitted). *See also Patterson v. Gladwin Corp.*, 835 So. 2d 137, 142 (Ala. 2002). As it relates to the State of Alabama and its agencies, the wall is absolutely impregnable. *Ex parte Alabama Dep't of Human Res.*, 999 So. 2d 891, 895 (Ala. 2008) ("Section 14 affords absolute immunity to both the State and State agencies."); *Ex parte Jackson County Bd. of Educ.*, 4 So. 3d 1099, 1102 (Ala. 2008) (same); *Atkinson v. State*, 986 So. 2d 408, 410–11 (Ala. 2007) (same); *Ex parte Ala. Dep't of Transp. (In re Good Hope Contracting Co. v. Alabama Dep't of Transp.)*, 978 So. 2d 17 (Ala. 2007) (same); *Ex parte Alabama Dep't of Transp.*, 764 So. 2d 1263, 1268 (Ala. 2000) (same); *Mitchell v. Davis*, 598 So. 2d 801, 806 (Ala. 1992) (same). Absolute immunity means just that—the State and its agencies are not subject to suit under any theory.

The law is well-established and settled that Section 14's absolute immunity from suit in court applies to the Board. *See, e.g., Carter v. Board of Trs. of Univ. of Alabama in Birmingham*, 431 So. 2d 529, 531 (Ala. 1983) ("It is clear that the [University of Alabama in Birmingham] Board [of Trustees] shares the state's constitutional immunity from suit."); *Cox v. Board of Trs. of Univ. of Alabama*, 49 So. 814, 817 (1909) (observing that "[i]t is clear ... that the various boards of trustees of the University of Alabama, etc., are but agents appointed by the state to manage the affairs of the University of Alabama; that, while the name of the agency has been several times changed, the legal entity of the University of Alabama has remained

{B4352344}

all the while. It therefore clearly appears that the University of Alabama, by whatever corporate name or under the control of whatever agents it may be, is a part of the state" and concluding that "the law in this state [is] that [these] public institutions created by the state purely for ... educational purposes ... are not subject to suit under section 14 of the Constitution of 1901, which prohibits the state from being made a party defendant in any court of law or equity"). *See also Hutchinson v. Board of Trs. of Univ. of Ala.*, 256 So. 2d 281, 282 (Ala. 1971).

The constitutionally guaranteed principle of sovereign immunity prevents a court from exercising subject matter jurisdiction over a state agency: "Article I, § 14, of the Alabama Constitution of 1901 thus removes subject-matter jurisdiction from the courts when an action is determined to be one against the State." *Alabama State Docks Terminal Ry. v. Lyles*, 797 So. 2d 432, 435 (Ala. 2001); *Ex parte Alabama Dep't of Transp.*, 985 So. 2d 892, 894 (Ala. 2007). Thus, a complaint filed solely against the State or one of its agencies is a nullity and is void *ab initio*. *Ex parte Ala. Dep't of Transp. (In re Russell Petroleum, Inc. v. Alabama Dep't of Transp.)*, 6 So. 3d 1126 (Ala. 2008). For this reason, courts have been specifically directed to dismiss an action as soon as it is clear that the suit is against the State or one of its agents. *Hillyer v. Central Review Bd. for Dept. of Social Servs.*, 384 So. 2d 1117, 1118 (Ala. Civ. App. 1980); *Aland v. Graham*, 250 So. 2d 677, 678 (Ala. 1971).

Finally, this sovereign immunity is unaffected by the Board's removal of this matter to this Court. *See Stroud v. McIntosh*, 722 F.3d 1294, 1301 ("[A] state, if it chooses, can retain immunity from liability for a particular claim even if it waives its immunity from suit in federal courts.") Sovereign immunity is a divisible concept and is not waived by removal to federal court. *See id.* at 1300-01 (adopting reasoning of Third and Fifth Circuits "[t]hat underlying immunity from liability is unaffected by the state's voluntary invocation of the federal forum."). Because the Board, as part of the State, could have asserted the defense of immunity from liability in state court, its removal to federal court did not affect the availability or viability of that defense. *See id.*; *Page v. Hicks*, No. 2:16-cv-01991-KOB, 2018 WL 828770, at *5-6 (N.D. Ala. Feb. 12, 2018), *aff'd* 773 F. App'x 514 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 517 (2019) ("[T]he State asserts the same defense it could have asserted in state court."). Accordingly, the Board is absolutely immune from liability from Plaintiff's state law claims and Counts Three and Four are due to be dismissed with prejudice.

## III. CONCLUSION

The Alabama Constitution provides to the State, and its agencies, absolute immunity from liability for state law claims brought against it. As a result, Plaintiff's state law negligence and breach of contract claims against the Board are barred by sovereign immunity and are due to be dismissed with prejudice.

**Respectfully submitted, this the 5th day of July, 2022.**

/s/ Jay M. Ezelle
Jay M. Ezelle (ASB-4744-Z72J)
Breanna H. Young (ASB-9133-A52H)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
Email: jezelle@starneslaw.com
          byoung@starneslaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2022, I electronically filed the foregoing through the Court's CM-ECF which will send notification of such filing to all parties of record, including the following:

Jamie A. Johnston
Jamie A. Johnston, P.C.
PO Box 4663
Montgomery, Alabama 3613
jamie@jjohnstonpc.com

s/ Jay M. Ezelle
Jay M. Ezelle (ASB-4744-Z72J)
Breanna H. Young (ASB-9133-A52H)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
Email: jezelle@starneslaw.com
          byoung@starneslaw.com
*Attorneys for Defendant*

{B4352344}