IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANE DOE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No.: |
| v. | ) |
| | ) 02:22-cv-00829-MHH |
| **THE UNIVERSITY OF** | ) |
| **ALABAMA AT BIRMINGHAM,** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION TO STRIKE OR, IN THE
## ALTERNATIVE, PARTIAL MOTION TO DISMISS

Pursuant to Rules 15, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant The Board of Trustees of The University of Alabama[1] (hereinafter "the Board" or "Defendant"), incorrectly named as The Board of Trustees of The University of Alabama at Birmingham, moves the Court to strike the Amended Complaint (Doc. 11) from the record, or, in the alternative, to dismiss (1) Counts Three, Four, and Five of the Amended Complaint because the Board is immune from liability for these claims and (2) the claims for emotional distress

---

[1] Despite the opportunity to amend, the Board is still incorrectly named. The Amended Complaint names "The Board of Trustees of The University of Alabama *at Birmingham*" (emphasis added). The correct name is "The Board of Trustees of The University of Alabama." The name of the entity with the capacity to be sued is established by Alabama law. *See* ALA. CODE § 16-47-1.

{B4391568}                                    1

damages in Counts One and Two, as such damages are not available for violations of Title IX. In support of this motion, the Board states as follows:

## I.     INTRODUCTION

On May 29, 2022, the original Complaint was filed against the Board in Jefferson County Circuit Court alleging violations of Title IX, 20 U.S.C. § 1681 et. seq.  The Board timely removed the action to this Court based on federal question jurisdiction and simultaneously filed an Answer and Partial Motion to Dismiss on July 5, 2022. The Partial Motion to Dismiss noted that the Board was not correctly named and sought to dismiss the two state law claims because the Board is immune from liability from such claims. (Doc. 4).

The Parties met and conferred about the Motion to Dismiss, and Plaintiff's counsel represented that she planned to amend the Complaint to correct the name of the Board. She also stated she would review the law on absolute immunity and would remove the state law claims if there was no legal support for them. Based on that representation, Defendants represented that they were willing to consent to an amendment to the Complaint and so represented in the Report of the Parties' Planning Meeting. (Doc. 8).

Yet, the Amended Complaint (Doc. 11) does not correct the name of the Defendant, fails to address the infirm state law claims, and even adds additional state law claims. Specifically, the Amended Complaint added "wantonness" language to

the negligence claim in Count Three and a claim of Negligent Hiring, Training & Supervision in Count Five. Defendant did not consent to the Amended Complaint that was actually filed, and Plaintiff's counsel did not seek the Court's permission before filing. Accordingly, it is due to be stricken in its entirety pursuant to Rule 15. In the alternative, because the Board is entitled to absolute immunity as to the state law claims, Counts Three, Four, and Five are due to be dismissed with prejudice. Also, because emotional distress damages are not available for Title IX violations, the claims for such damages in Counts One and Two are due to be dismissed.

## II.   THE AMENDED COMPLAINT IS DUE TO BE STRICKEN FROM THE RECORD.

Federal Rule of Civil Procedure 15(a) sets limits on a party's right to amend the pleadings:

> (1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier.
>
> (2) ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. . . .

FED. R. CIV. P. 15(a). Here, the Amended Complaint was filed thirty-eight days after Defendant filed its responsive pleading without leave from the Court or written consent from the Defendant. Accordingly, pursuant to Rule 15, it is due to be stricken from the record.

Notably, counsel for the parties discussed Plaintiff's counsel's plan to amend the Complaint to correct the name of the Defendant. Plaintiff's counsel also stated that she would review Defendant's Partial Motion to Dismiss and remove any claims for which there were no legal grounds to assert. Defendant's counsel was agreeable to an amendment based only on these two grounds: (1) to correct Defendant's name and (2) to remove claims without a sufficient legal basis. Counsel for the parties agreed that Plaintiff's counsel would have until August 12, 2022, to make such amendments and documented this amendment deadline in their Report of Parties Planning Meeting. (*See* Doc. 8 at #2). Despite this limited amendment agreement, Plaintiff's counsel then filed an Amended Complaint that again incorrectly named the Defendant and added additional claims and allegations. She did so without first sending the proposed Amended Complaint to Defendant's counsel for consent or seeking leave from the Court. As such, the representations upon which Defendant's counsel agreed to an amendment were different than the amendments included in the Amended Complaint; therefore, Plaintiff's counsel had no written consent from Defendant or leave from the Court to file the Amended Complaint and it is due to be stricken.

### III. IN THE ALTERNATIVE, THE BOARD IS IMMUNE FROM LIABILITY FOR THE STATE LAW CLAIMS.

The Alabama Constitution protects the State and its agencies from liability for state law claims brought against it: "the State of Alabama **shall never be made a**

**defendant in any court** of law or equity." ALA. CONST. art. I, § 14 (1901) (emphasis added). Here, because the Board is a corporate body created by the State of Alabama to operate a public university, ALA. CODE § 16-47-1, it is immune from liability from the state law claims in Counts Three, Four, and Five, and those claims are due to be dismissed. *See Cox v. Bd. of Trustees of Univ. of Ala.*, 161 Ala. 639, 648 (Ala. 1909) (the Board of Trustees of the University of Alabama are "mere agents of the state"); *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985) (state universities are instrumentalities of the state).

Section 14 "has been described as a 'nearly impregnable' and 'almost invincible' 'wall' that provides the State an unwaivable, absolute immunity from suit in any court." *Ex parte Town of Lowndesboro*, 950 So. 2d 1203, 1206 (Ala. 2006) (citations omitted). *See also Patterson v. Gladwin Corp.*, 835 So. 2d 137, 142 (Ala. 2002). As it relates to the State of Alabama and its agencies, the wall is absolutely impregnable. *Ex parte Alabama Dep't of Human Res.*, 999 So. 2d 891, 895 (Ala. 2008) ("Section 14 affords absolute immunity to both the State and State agencies."); *Ex parte Jackson County Bd. of Educ.*, 4 So. 3d 1099, 1102 (Ala. 2008) (same); *Atkinson v. State*, 986 So. 2d 408, 410–11 (Ala. 2007) (same); *Ex parte Ala. Dep't of Transp. (In re Good Hope Contracting Co. v. Alabama Dep't of Transp.)*, 978 So. 2d 17 (Ala. 2007) (same); *Ex parte Alabama Dep't of Transp.*, 764 So. 2d 1263, 1268 (Ala. 2000) (same); *Mitchell v. Davis*, 598 So. 2d 801, 806 (Ala. 1992)

(same). Absolute immunity means just that—the State and its agencies are not subject to suit under any theory.

The law is well-established and settled that Section 14's absolute immunity from suit in court applies to the Board. *See, e.g., Carter v. Board of Trs. of Univ. of Alabama in Birmingham*, 431 So. 2d 529, 531 (Ala. 1983) ("It is clear that the [University of Alabama] Board [of Trustees] shares the state's constitutional immunity from suit."); *Cox v. Board of Trs. of Univ. of Alabama*, 49 So. 814, 817 (1909) (observing that "[i]t is clear ... that the various boards of trustees of the University of Alabama, etc., are but agents appointed by the state to manage the affairs of the University of Alabama; that, while the name of the agency has been several times changed, the legal entity of the University of Alabama has remained all the while. It therefore clearly appears that the University of Alabama, by whatever corporate name or under the control of whatever agents it may be, is a part of the state" and concluding that "the law in this state [is] that [these] public institutions created by the state purely for ... educational purposes ... are not subject to suit under section 14 of the Constitution of 1901, which prohibits the state from being made a party defendant in any court of law or equity"). *See also Hutchinson v. Board of Trs. of Univ. of Ala.*, 256 So. 2d 281, 282 (Ala. 1971).

The Amended Complaint's most recent attempt to avoid this absolute sovereign immunity by adding "wantonness" language to Count Three is of no

{B4391568}                                6

consequence, as the Board's immunity defense is grounded in sovereign immunity, not state-agent immunity (which protects individuals and could arguably be affected by claims of willful, malicious, and wanton conduct). "Sovereign immunity, which is provided by Article I, § 14 of the Alabama Constitution [], prohibits actions against the State. It is broader than state-agent immunity because it provides nearly absolute protection from state law claims." *LeFrere v. Quezada*, 582 F.3d 1260, 1265 (11th Cir. 2009).

The constitutionally guaranteed principle of sovereign immunity prevents a court from exercising subject matter jurisdiction over a state agency: "Article I, § 14, of the Alabama Constitution of 1901 thus removes subject-matter jurisdiction from the courts when an action is determined to be one against the State." *Alabama State Docks Terminal Ry. v. Lyles*, 797 So. 2d 432, 435 (Ala. 2001); *Ex parte Alabama Dep't of Transp.*, 985 So. 2d 892, 894 (Ala. 2007).  Thus, a complaint filed solely against the State or one of its agencies is a nullity and is void *ab initio*. *Ex parte Ala. Dep't of Transp. (In re Russell Petroleum, Inc. v. Alabama Dep't of Transp.)*, 6 So. 3d 1126 (Ala. 2008). For this reason, courts have been specifically directed to dismiss an action as soon as it is clear that the suit is against the State or one of its agents. *Hillyer v. Central Review Bd. for Dept. of Social Servs.*, 384 So. 2d 1117, 1118 (Ala. Civ. App. 1980); *Aland v. Graham*, 250 So. 2d 677, 678 (Ala. 1971).

Finally, this sovereign immunity is unaffected by the Board's removal of this matter to this Court. *See Stroud v. McIntosh*, 722 F.3d 1294, 1301 ("[A] state, if it chooses, can retain immunity from liability for a particular claim even if it waives its immunity from suit in federal courts.") Sovereign immunity is a divisible concept and is not waived by removal to federal court. *See id.* at 1300-01 (adopting reasoning of Third and Fifth Circuits "[t]hat underlying immunity from liability is unaffected by the state's voluntary invocation of the federal forum."). Because the Board, as part of the State, could have asserted the defense of immunity from liability in state court, its removal to federal court did not affect the availability or viability of that defense. *See id.*; *Page v. Hicks*, No. 2:16-cv-01991-KOB, 2018 WL 828770, at *5-6 (N.D. Ala. Feb. 12, 2018), *aff'd* 773 F. App'x 514 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 517 (2019) ("[T]he State asserts the same defense it could have asserted in state court."). Accordingly, the Board is absolutely immune from liability from the state law claims, and Counts Three, Four, and Five are due to be dismissed with prejudice.

**IV.    EMOTIONAL DISTRESS DAMAGES ARE NOT AVAILABLE FOR VIOLATIONS OF TITLE IX.**

Counts One and Two of the Amended Complaint allege violations of Title IX and seek "all damages awardable under Title IX" (Doc. 11, p. 29) and "any and all available damages" (Doc. 11, p. 35). In support of each Count, the Amended Complaint repeatedly alleges that Defendant's alleged actions/inactions caused

"fear, worry, anxiety, and mental illness." (Doc. 11, ¶¶ 55 – 81). However, because emotional distress damages are unavailable under Title IX, any claims for such damages in Counts One and Two are due to be dismissed. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022); *Doe 1 v. Curators of the Univ. of Missouri*, Case No. 19-cv-04229-NKL, 2022 WL 3366765 (W.D. Mo. Aug. 15, 2022); *Bonnewitz v. Baylor Univ.*, Case No. 6:21-cv-00491-ADA-DTG, 2022 WL 2688399 (W.D. Tex. July 12, 2022).

In *Cummings v. Premier Rehab*, the Supreme Court of the United States held that emotional distress damages are not recoverable in private actions to enforce either the Rehabilitation Act of 1973 or the Affordable Care Act. 142 S. Ct. at 1565. To reach this conclusion, the Court analyzed Congress's power under the Spending Clause "to fix the terms on which it shall disburse federal money." *Id*. (citations omitted). The Court's Spending Clause analysis in *Cummings* has been summarized as follows,

> In determining the remedies available for Spending Clause legislation, the Court analogizes to contract law; that is, it considers the recipient of federal funds has having agreed to adhere to certain requirements in exchange for the funds provided by Congress. *Cummings* relied heavily on *Barnes*, which it described as holding that a federal funding recipient may be considered on notice that it is subject not only to those remedies explicitly provided by the relevant legislation, but also to those remedies traditionally available in suits for breach of contract. And based on *Barnes*, we may presume that a funding recipient is aware that, for breaching its Spending Clause "contract" with the Federal Government, it will be subject to the *usual* contract remedies in private suits. Thus, in *Barnes*, the Supreme Court held that punitive damages are not available

> for violations of Spending Clause legislation; in *Cummings*, the Supreme Court held that emotional distress damages also are not available.

*Curators of the Univ. of Missouri*, 2022 WL 3366765, at *1. The Supreme Court's *Cummings* analysis is thus applicable here, as Title IX is unquestionably Spending Clause legislation. *See id.* at *2 (citing numerous Supreme Court cases for the proposition: "[I]n every case in which the Supreme Court has addressed the obligations imposed and the remedies available under Title IX, it has applied a Spending Clause analysis and analogized to contract law."). As a result, any claim for emotional distress damages based on alleged Title IX violations in Counts One and Two are due to be dismissed.

## V. CONCLUSION

The Amended Complaint does not comply with Rule 15 and is due to be stricken from the record. In the alternative, the Alabama Constitution provides to the State, and its agencies, absolute immunity from liability for state law claims brought against it. As a result, the state law negligence/wantonness, breach of contract, and negligent hiring/training/supervision claims against the Board are barred by sovereign immunity and are due to be dismissed with prejudice. In addition, because emotional distress damages are not available for violations of Title IX, the claims for emotional distress damages in Counts One and Two are due to be dismissed.

**Respectfully submitted, this the 26th day of August, 2022.**

                                       */s/Jay M. Ezelle*
                                       Jay M. Ezelle (ASB-4744-Z72J)
                                       Breanna H. Young (ASB-9133-A52H)
                                       STARNES DAVIS FLORIE LLP
                                       100 Brookwood Place, 7th Floor
                                       Birmingham, AL 35209
                                       Telephone: (205) 868-6000
                                       Facsimile: (205) 868-6099
                                       Email: jezelle@starneslaw.com
                                                 byoung@starneslaw.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on August 26, 2022**,** I electronically filed the foregoing through the Court's CM-ECF which will send notification of such filing to all parties of record, including the following:

       Jamie A. Johnston
       Jamie A. Johnston, P.C.
       PO Box 4663
       Montgomery, Alabama 3613
       jamie@jjohnstonpc.com

                                         */s/Jay M. Ezelle*
                                         Jay M. Ezelle (ASB-4744-Z72J)
                                       Breanna H. Young (ASB-9133-A52H)
                                       STARNES DAVIS FLORIE LLP
                                       100 Brookwood Place, 7th Floor
                                       Birmingham, AL 35209
                                       Telephone: (205) 868-6000
                                       Facsimile: (205) 868-6099
                                       Email: jezelle@starneslaw.com
                                                 byoung@starneslaw.com