IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANE DOE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| v. | ) |
| | ) 02:22-cv-00829-MHH |
| **THE UNIVERSITY OF** | ) |
| **ALABAMA AT BIRMINGHAM,** | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE OR, IN THE ALTERNATIVE, PARTIAL MOTION TO DISMISS

Now that Plaintiff has agreed to amend her Complaint to correct the name of the Defendant and to dismiss the state law claims from which the Board has immunity, much of Defendant's Motion to Strike or, in the alternative, Partial Motion to Dismiss is now moot. As Plaintiff's Response states, the only issue remaining before this Court is whether emotional distress damages are available for violations of Title IX. The answer to that issue is clear after the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022).

The Response contains three arguments that attempt to avoid the clear holding in *Cummings,* but none of them can withstand scrutiny:

- *First,* it is argued that *Cummings* should be ignored because it "did not involve a Title IX case." (Doc. 14 at 8.) Yet, both the main opinion and

the dissenting opinion of *Cummings* make it clear that the decision extends to all four nondiscrimination statutes passed under Congress's Spending Clause authority.

- *Second,* it is argued that UAB was on notice of the potential for such claims "because Alabama law recognizes that emotional distress damages are sometimes available under a breach of contract claim." (Doc. 14 at 8.) Yet, this is the very argument that was rejected by the Supreme Court in *Cummings*.

- *Third,* it is argued that this Court should follow the Eleventh Circuit's decision in *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1199-1200 (11th Cir. 2007), but it is clear that *Sheely* has been abrogated by *Cummings*.

Accordingly, this Court should grant the Motion to Strike and allow Plaintiff to file the Second Amended Complaint but without any claims for emotional damages.

## ARGUMENT

Any claim for emotional distress damages is due to be dismissed because the Supreme Court recently ruled that Spending Clause statutes—which include Title IX—do not allow for the recovery of such damages. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022). Since the Supreme Court's decision in April, numerous courts have applied *Cummings* to preclude the recovery of

emotional distress damages in Title IX cases.[1] *See, e.g. Doe v. Bd. of Regents of Univ. of Nebraska*, Case No. 4:20CV3036, 2022 WL 3566990 (D. Neb. Aug. 18, 2022) ("[Plaintiff] concedes that the holding in *Cummings* generally precludes emotional-distress damages in Title IX cases like hers."); *Doe 1 v. Curators of the Univ. of Missouri*, Case No. 19-cv-04229-NKL, 2022 WL 3366765 (W.D. Mo. Aug. 15, 2022) ("The Court holds that *Cummings* applies to Plaintiffs' Title IX claims."); *Doe v. Purdue Univ.*, Case No. 2:17-cv-33-JPK, 2022 WL 3279234, at *13 (N.D. Ind. Aug. 11, 2022) ("The Supreme Court's decision forecloses his claim for 'emotional and psychological damages,' so the motion will be granted."); *Bonnewitz v. Baylor Univ.*, Case No. 6:21-cv-00491-ADA-DTG, 2022 WL 2688399 (W.D. Tex. July 12, 2022) (same). Plaintiff attempts to avoid *Cummings,* but no argument

---

[1] Counsel for UAB has searched every case citing *Cummings* and found only a single unpublished opinion that held that it did not apply to Title IX. In *Doe v. Purdue University,* 4-18-CV-89-JEM, 2022 WL 2828238 (N.D. Ind. July 20, 2022)("*Purdue University I*"), the court declined to preclude evidence of emotional distress damages in a Title IX case. Yet, the opinion in *Purdue University I* contained no analysis and only said that"[b]ecause Cummings was not a Title IX action, it does not make evidence of emotional distress or harm inadmissible in this case." *Id.* at *4. *Purdue University I* has only been cited by a single court, which disagreed with it and held that *Cummings* did preclude emotional distress damages in Title IX claims. *Doe v. The Curators of the University of Missouri*, 19-cv-04229-NK, 2022 WL 3366765 at *3 n.1 (W.D. Mo. August 15, 2022). Moreover, since the *Purdue University I* decision another judge in same district, and in a separate Title IX case against Purdue University, granted a Motion for Judgment on the Pleadings and dismissed the plaintiff's claim for "emotional and psychological damages" based on *Cummings*. *Doe v. Purdue Univ.*, 2:17-cv-33-JPK, 2022 WL 3279234 (N.D. Ind. Aug. 11, 2022). Accordingly, *Purdue University I* provides no support for Plaintiff's arguments.

made in the Response can survive the clear holding of that case as each argument was considered and rejected by the Supreme Court in its opinion.

I. *CUMMINGS* APPLIES EQUALLY TO TITLE IX CASES.

The Response argues that *Cummings* does not control because it involved the Rehabilitation Act, not Title IX. This argument ignores the plain language as well as the reasoning of the *Cummings* decision. To begin, Chief Justice Roberts's opinion for the Court examined all four nondiscrimination statutes passed pursuant to the Spending Clause, and specifically included Title IX. *Cummings*, 142 S. Ct. at 1569. The Court cited its opinion in *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 72–73 (1992), in which it considered "whether monetary damages are available as a remedy for intentional violations of Title IX" and then made the point that its holding applied "by extension, [to] the other statutes we discussed." *Cummings*, 142 S. Ct. at 1570 (emphasis added). The Court went on to analyze and decide "'the scope of available remedies' in actions brought to enforce Spending Clause statutes," not just the two statutes at issue in *Cummings*. *Id*. The scope of the opinion was clearly recognized by the dissent, which stated:

> Using its Spending Clause authority, Congress has enacted four statutes that prohibit recipients of federal funds from discriminating on the basis of certain protected characteristics, including (depending upon the statute) race, color, national origin, sex, disability, or age. *See* Civil Rights Act of 1964, Title VI, 42 U.S.C. § 2000d; Education Amendments Act of 1972, Title IX, 20 U.S.C. § 1681; Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794; Patient Protection and Affordable Care Act (ACA), § 1557, 42 U.S.C. § 18116. We have held that victims

> of intentional violations of these statutes may bring lawsuits seeking to recover, among other relief, compensatory damages. *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 76, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992). Today, the Court holds that the compensatory damages available under <u>these statutes cannot include compensation for emotional suffering</u>.

*Cummings*, 142 S. Ct. at 1577 (Breyer, J., dissenting) (emphasis added).

The Response fails to explain why *Cummings* would preclude emotional distress damages under the Rehabilitation Act and the ACA, but allow them for Title IX cases. There is simply no way to support such an argument in light of the reasoning for the *Cummings* decision. The Court analyzed its "larger Spending Clause jurisprudence," not just the Rehabilitation Act and the ACA. *Id.* at 1572. The entire analysis conducted by the Court was based on the fact the Spending Clause operates essentially like a contract rather than ordinary prohibitive legislation. Given that reasoning, how could it not apply to Title IX? Moreover, the Supreme Court made a concerted effort to express clearly that its holding would apply to all "Spending Clause statutes," a term used multiple times in the opinion to include all four of the statutes including Title IX.

Accordingly, it is self-evident that *Cummings* applied equally to Title IX cases.

## II. PLAINTIFF'S SUBSTANTIVE ARGUMENTS WERE SQUARELY REJECTED IN *CUMMINGS*.

The Response incorrectly argues that UAB was on notice that it could face emotional distress damages "because Alabama law recognizes that emotional distress damages are sometimes available under a breach of contract claim." (Doc. 14 at 8.) This same argument was considered and rejected by the Supreme Court in *Cummings*:

> In arguing for a different result, Cummings recognizes that contract law dictates the *scope* of damages remedies . . . . But Cummings then argues that, notwithstanding the above authorities, traditional contract remedies in fact *do* include damages for emotional distress. That is because, Cummings explains, several contract treatises put forth the special rule that recovery for emotional disturbance is allowed in a particular circumstance: where the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result. And, she contends, such a rule aptly describe[s the] intentional breach of [a] promise to refrain from discrimination, because discrimination frequently engenders mental anguish. <u>This argument suffers from two independently fatal flaws</u>.

*Cummings*, 142 S. Ct. at 1572 (cleaned up) (emphasis added). The Supreme Court's detailed analysis of these two flaws specifically forecloses the arguments made in Plaintiff's Response: "*First*, Cummings subtly but crucially transforms the contract-law analogy into a test that is inconsistent with both *Barnes* and our larger Spending Clause jurisprudence," and "*[s]econd*, even if it were appropriate to treat funding recipients as aware that they may be subject to 'rare' contract-law rules that are 'satisfied only in particular settings,' funding recipients would still lack the requisite

notice that emotional distress damages are available under the statutes at issue." *Id*. at 1572-76 (cleaned up).

Based on the nature of Spending Clause legislation and Supreme Court jurisprudence, it is of no consequence that emotional distress damages are "potentially available" for a limited category of contract breaches under Alabama law, as the Response suggests. In fact, the Supreme Court considered this exact state(s)-specific argument in *Cummings* and rejected it:

> In the end, it is apparent that the closest our legal system comes to a universal rule—or even a widely followed one—regarding the availability of emotional distress damages in contract actions is "the conventional wisdom . . . that [such] damages are for highly unusual contracts, which do not fit into the core of contract law." As to which "highly unusual contracts" trigger the exceptional allowance of such damages, the only area of agreement is that there is no agreement. There is thus no basis in contract law to maintain that emotional distress damages are "traditionally available in suits for breach of contract," and correspondingly no ground, under our cases, to conclude that federal funding recipients have "clear notice," that they would face such a remedy in private actions brought to enforce the statutes at issue.

*Id*. at 1576. The Response's statement, "The *Cummings* decision acknowledges the availability of contract emotional distress damages in certain contexts," (Doc. 14, p. 8-9), completely misses the point. Yes, the Supreme Court referenced that states across the country have numerous and varying laws governing when emotional distress damages are available as a breach of contract remedy; however, the Court made clear that it is because of that very reason that emotional distress damages <u>are not available</u> for violations of the Spending Clause statutes.

Further, the Response's implication that this is a matter of state law "not reviewable by the Supreme Court," likewise misses the mark. The question is whether UAB, as a federal funding recipient, had "clear notice" that emotional distress damages would be available under Title IX. That is a clear question of federal law and, as demonstrated in *Cummings*, is certainly reviewable by the Supreme Court. Accordingly, the Response's argument based in Alabama contract law does not change the result here.

## III. *SHEELY* HAS BEEN ABROGATED BY *CUMMINGS*.

Plaintiff's Response relies heavily on the Eleventh Circuit's decision in *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173 (11th Cir. 2007). Yet, *Sheely* no longer controls because it has been abrogated by *Cummings*. Prior Eleventh Circuit rulings remain binding precedent until "that holding has been overruled or undermined to the point of abrogation by a subsequent ... Supreme Court decision." *Chambers v. Thompson*, 150 F.3d 1324, 1326 (11th Cir. 1998). To constitute an overruling, the Supreme Court decision "must be clearly on point." *Garret v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003). As discussed above, *Cummings* is clearly on point.

In 2007, the *Sheely* Court held that emotional distress damages are available under the Rehabilitation Act. That holding has now been overturned by the Supreme Court's *Cummings* holding in 2022 that emotional distress damages <u>are not</u> available

under the Rehabilitation Act. *Compare Sheely*, 505 F.3d at 1204 with *Cummings*, 142 S. Ct. at 1576. Thus, the Response's reliance on *Sheely* merely demonstrates that Plaintiff must rely on a decision that is no longer good law after *Cummings*. Further, in the *Cummings* case that was affirmed by the Supreme Court, the United States Court of Appeals for the Fifth Circuit considered and expressly disagreed with *Sheely*. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673 (5th Cir. 2020), *aff'd* 142 S. Ct 1562 (2022). Specifically, the Fifth Circuit considered the "foreseeability" argument made in *Sheely*, and by Plaintiff here, and reasoned:

> We disagree with *Sheely's* reasoning, which is based on the supposed "foreseeability" of emotional distress damages. The court claims "foreseeability" is a basic and longstanding rule of contract law – that damages are not recoverable for loss that the party in breach did not have reason to *foresee* as a probable result of the breach when the contract was made. While we don't dispute that "foreseeability" may be a general concept of contract law, we find that *Sheely's* reliance on it is misplaced. That is because *Sheely* conflates two distinct "foreseeability" issues. The first is whether federal funding recipients were "on notice" – i.e., did they know that, when they accepted their funding, they were agreeing to be liable for emotional distress damages. The second is whether a funding recipient can foresee that a patient might suffer an emotional injury as a result of its actions. Put differently, whether funding recipients can foresee a consequence of a particular "breach" of a Spending Clause "contract" is not the same as whether they are "on notice" that, when they accepted funding, they agreed to be liable for damages of this kind.

*Cummings*, 948 F.3d at 679. It is this disagreement with *Sheely* that was the basis of the Fifth Circuit's holding that emotional distress damages are not available for violations of the Rehabilitation Act and other Spending Clause legislation. *Id.*

Likewise, the Supreme Court rejected the reasoning of *Sheely,* though it never mentioned the case by name. *See Cummings*, 142 S. Ct. at 1576.

It simply cannot be disputed that *Cummings* is on point with *Sheely* and, thus, it has been abrogated. Accordingly, this Court must follow the Supreme Court's ruling in *Cummings* and hold that emotional distress damages are not available here.

## CONCLUSION

For all of these reasons, Defendant respectfully requests that this Court strike Plaintiff's First Amended Complaint and allow her, as requested in the Response, to file a Second Amended Complaint with the correct name of the Defendant and without the state law claims, but preclude her from asserting any and all claims for emotional distress damages.

**Respectfully submitted, this the 30th day of September, 2022.**

> /s/Jay M. Ezelle
> Jay M. Ezelle (ASB-4744-Z72J)
> Breanna H. Young (ASB-9133-A52H)
> STARNES DAVIS FLORIE LLP
> 100 Brookwood Place, 7th Floor
> Birmingham, AL 35209
> Telephone: (205) 868-6000
> Facsimile: (205) 868-6099
> Email: jezelle@starneslaw.com
>         byoung@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, I electronically filed the foregoing through the Court's CM-ECF which will send notification of such filing to all parties of record, including the following:

Jamie A. Johnston
Jamie A. Johnston, P.C.
PO Box 4663
Montgomery, Alabama 3613
jamie@jjohnstonpc.com

                                              */s/Jay M. Ezelle*
                                              Jay M. Ezelle (ASB-4744-Z72J)
                                              Breanna H. Young (ASB-9133-A52H)
                                              STARNES DAVIS FLORIE LLP
                                              100 Brookwood Place, 7th Floor
                                              Birmingham, AL 35209
                                              Telephone: (205) 868-6000
                                              Facsimile: (205) 868-6099
                                              Email: jezelle@starneslaw.com
                                                           byoung@starneslaw.com