FILED
2023 Feb-03 PM 12:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES FOR THE
## NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **JANE DOE[1]**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 2:22-CV-00829-MHH** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **THE BOARD OF TRUSTEES OF** | ) | |
| **THE UNIVERSITY OF ALABAMA** | ) | |
| | | |
| **Defendants** | | |

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff Jane Doe (hereinafter "Plaintiff") files her Amended Complaint and Jury Demand (hereinafter referred to as the "Complaint") complaining of Defendant The Board of Trustees of The University of Alabama (hereinafter "UAB"). In support thereof, Plaintiff offers the following:

## I.    Parties

1.    Plaintiff Jane Doe is a female individual who at the time of the sexual assault complained of herein, was a student at the University of Alabama at Birmingham and a resident of Blazer Hall.

---

[1] "Jane Doe" has been substituted for Plaintiff's name for all causes of action brought through this Complaint which would otherwise publish important privacy interest of all parties. Plaintiff fears for her personal safety, as well as that of her family and friends as a result of this Complaint. Fairly applying this concern, the Complaint also identifies the perpetrator of rape as "Assailant." Upon consultation with counsel for the Defendant, Plaintiff will file a Motion to Proceed with Fictitious Names.

2.     Defendant The Board of Trustees of the University of Alabama is an educational institution with the subject campus being located in Birmingham, Alabama.

## II.     Jurisdiction and Venue

3.     The Court has subject matter jurisdiction over this case as the claims involve state laws violated in this jurisdiction.

4.     Venue is proper in this district since Defendant resides or resided in this district and the events or omissions giving rise to the claim occurred in this district.

5.     Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a), as more fully set forth herein. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution.

## III.     Applicable Law

6.     Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §168(a) states that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.."

7.     Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106. 34 C.F.R. 106.8(b) which provides: "…A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part."

8.     In *Gebser v. Lago Vista Independent School District,* 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of discrimination.

9.     In *Davis v. Monroe County Board of Education,* 526 U.S. 629 (1999) the United States Supreme Court extended the private damages action recognized in *Gebser* to cases where the harasser is a student, rather than a teacher. *Davis* held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is: a) "deliberately indifferent to sexual harassment of which the recipient has actual knowledge," and b) "the harassment is so severe, pervasive and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis* 526 U.S. at 1669-76.

10.    Title IX jurisprudence as well as Department of Education regulations have long recognized that a single event of rape constitutes harassment so severe,

pervasive and objectively offensive that it deprives its victims of access to the educational opportunities provided by the school: "The more severe the conduct, the less need there is to show a repetitive series of incidents to prove a hostile environment, particularly if the harassment is physical. Indeed, a single or isolated incident of sexual harassment may create a hostile environment if the incident is sufficiently severe. For instance, a single instance of rape is sufficiently severe to create a hostile environment." U.S. Department of Education, Office of Civil Rights, "Dear Colleague" Letter of April 4, 2011.

11.    Regardless, in the circumstances giving rise to the claims of this Plaintiff, and others, a history of student harassment, resulting from deliberate indifference, has been allowed to continue at the Defendant University for many years.

12.    Alabama law provides protections for students and requires the exercise of reasonable care on the part of the University.

13.    Alabama law provides for the protection of invitees from foreseeable criminal harm.

14.    Alabama law provides for a cause of action of breach of contract. Plaintiff has an educational contract with the Defendant University that included agreements and duties to provide adequately for their safety, to adequately and in compliance with law report instance of sexual assault and/or harassment the breach of which cause the damages claimed herein.

**IV.    General Allegations**

15.    At all relevant times, UAB received federal funding for its academic programs and activities and was subject to the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. 1681(a)(hereinafter "Title IX").

16.    The Defendant UAB implemented and executed policies and customs in regard to the events that resulted in the deprivation of Plaintiff's constitutional, statutory and common-law rights.

17.    The Defendant UAB is responsible for providing the security of its students and guests which it does through it private police force.

18.    The Defendant UAB is responsible for ensuring that all of its employees are properly trained and supervised to perform their jobs.

19.    The Defendant UAB is responsible for the acts and omissions of its employees, agents, part-time student workers, officers, and tenants.

20.    The Defendant UAB operates a UAB Police & Public Safety Department which is in effect a private police force.

21.    The Defendant UAB is responsible for ensuring the officers and employees within the University and the Police & Public Safety Department are properly trained and supervised to perform their jobs.

22.    The Defendant UAB is responsible for the acts and omission so its employees, agents, part-time student workers and tenants.

5

23.     The Defendant UAB employees within the Police & Public Safety Department received reports from Plaintiff concerning the rape she experienced while at the University. They were told by the Plaintiff that she was raped at Blazer Hall. Three officers were called and spoke with the Plaintiff; however, no one investigated the matter, no one sought to get the Plaintiff assistance, no one took a statement from the Plaintiff, no one obtained any details on the incident, no one provided the Plaintiff mental health treatment, no one offered protection for the Plaintiff, no one offered Plaintiff any assistance whatsoever, no one provided Plaintiff with guidance to contact any other department or person within the University. Rather, one of the UAB officers simply escorted Plaintiff back to Blazer Hall.

24.     The Defendant UAB employees failed to adequately investigate the event Plaintiff reported in violation of Title IX.

25.     At all times relevant to this Complaint, Defendant failed to protect Plaintiff and others as it negligently, willfully, wantonly, maliciously, and with complete deliberate indifference discharged its duty to provide safety to the students and guests of the University.

26.     Defendant allowed co-ed occupation of Blazer Hall and allowed football players to reside in the dormitory on the same floor as freshman female students despite the fact the University was aware of other incidents involving football

players assaulting female students and were aware of numerous occurrences of sexual assaults at Blazer Hall.

27.    Plaintiff was a student at UAB starting in August 2020. Upon her arrival at UAB, Plaintiff became acquainted with her assailant, an UAB football player. He is 5'11 and weighs approximately 215 lbs.

28.    The assailant was also a resident of Blazer Hall. He under false pretenses lured Plaintiff to his dorm room telling her prior to her arrival he had the materials she needed to complete a science project. Rather than provide the materials, the assailant raped Plaintiff.

29.    Following the rape, the assailant continued to harass Plaintiff causing Plaintiff to be fearful for her safety, to have mental anguish, suffer anxiety, to suffer PTSD, worry, and distress.

30.    In or around January 2021, Plaintiff reported to three UAB Police officers (one male and two female officers) that she was raped at Blazer Hall. However, the UAB Police officers were deliberately indifferent and refused to treat the Plaintiff and refused to investigate the matter which ultimately led to multiple suicide attempts by the Plaintiff requiring hospitalization and withdrawal from UAB. In fact, the UAB police officer in response to Plaintiff's report that she was raped replied, "it happens and walked her back to the dorm". The officers did not take her name, did not take notes, did not ask who the assailant was, did not offer to get Plaintiff

medical and mental health attention when she clearly was so distraught, and failed to ask even the most basic questions. They failed to obtain any significant testimony from Plaintiff about the actual sexual assault. They did not give Plaintiff any direction of what to do next other than to return to the dormitory where the assault took place and told Plaintiff essentially such an assault was common and just to move on. UAB officers had authority to address the reported assault but acted with deliberate indifference and did nothing. In fact, no investigation or report was undertaken until nearly one year later in or around November 2021 and even that purported investigation has not been completed. UAB acted willfully, maliciously, in bad faith, and with complete and deliberate indifference.

31.    It is clearly unreasonable in light of the fact three UAB officers were notified of the sexual assault by the Plaintiff, the Plaintiff's emotional and mental condition, and the location of the assault in January 2021 and did nothing in response to this notification. The inactions of UAB officers was deliberately indifferent and the delay from notification was clearly unjustified.

32.    Title IX requires an educational institution to act when it has control over the harasser and the place of harassment. Here, the act involved a student-athlete and the rape took place in the dormitory. The Defendant clearly had control over the assailant by virtue of his status as a student-athlete, and it had control over the dormitory.

33.     Under UAB's governing Sexual Misconduct Policy, Title IX complainants such as Plaintiff have rights including "to be informed of available options in making a report," to have "equal access to educational programs and activities and interim protective measures as appropriate," to "receive information regarding University and community support resources," to "request from the Title IX Coordinator that the University issue and enforce a no contact directive," and to do "a thorough and impartial investigation". In violation of its own policy and federal guidelines, the UAB officers when the rape was reported initially by the Plaintiff did nothing and were deliberately indifferent. They never informed Plaintiff of her rights, never offered her interim protective measures, never offered her a no contact directive against the assailant, never investigated or assessed her complaint after first being informed in or around January 2021.

34.     Plaintiff was entitled to an assessment by the University of whether the assailant was responsible for violating UAB's Sexual Misconduct Policy. She was at the least entitled to an "assessment" by the Title IX Office "to determine if additional actions should be taken to protect the health and safety of the Plaintiff and the campus community." She wasn't even directed by the police officers to a Title IX office. The Plaintiff was not offered any relief or protection. The assailant continued to harass the Plaintiff and attempted a second assault on the Plaintiff.

35.     In fact, if the University had taken action in January 2021 when the sexual assault was disclosed to the UAB officers, the assailant would not have sexually assaulted another student which in fact he did after Plaintiff's initial reporting. Moreover, he would not have attempted a second attempt on the Plaintiff nor continued to engage in harassing behaviors toward Plaintiff.

36.     The assailant, after Plaintiff reported the sexual assault against her, the assailant assaulted another UAB student. This second assault could have and should have been prevented if appropriate action was undertaken by UAB.

37.     Also, the University's deliberate indifference caused Plaintiff's worry, anxiety, fear, PTSD, and emotional distress caused her further harm as she on two later separate occasions attempted to take her own life, take medical leave from UAB, and to ultimately withdraw from UAB.

38.     UAB maintains control over its Athletic Department and students. It determines who remains a student, who remains on the football team, where students reside, and the safety and well being of its student body.

39.     UAB's refusal to address and assist Plaintiff in January 2021 when she first reported the sexual assault was a clear deliberate indifference and allowed the assailant to continue to contact and harass Plaintiff. UAB failed to take steps to protect Plaintiff despite the fact they knew in January 2021 of the brutal rape and

that she was understandably frightened to be in the same dorm where it took place and on the same campus.

40.    Plaintiff was diagnosed with post-traumatic stress disorder from the assault and remains under the care of a psychiatrist and other mental health providers.

41.    For well over ten months, following her reporting of the assault to three UAB officers, UAB failed to inform Plaintiff of her Title II (ADA) rights to receive counseling in a timely manner despite her anxiety; no one assisted her to get counseling and treatment she needed; no one informed her of her rights under Title IX; no one conducted an investigation into her complaint; no one assessed whether the assailant was a threat to her; no one restricted the assailant from the Plaintiff; no one offered her any of the interim or permanent protective measures required under Title IX; no one restricted the assailant from contacting her; no one informed her that she had a right not to be retaliated against by anyone at UAB; no one followed up with her at any time to ensure she received any mental health or medical care; no one encouraged her to remain at UAB; and no one assisted her in leaving UAB when it became clear she was not safe and could not remain.

42.    Plaintiff withdrew from UAB and is now attempting to transfer; however, UAB refused to release her transcript and demanded she pay monies she does not owe – all in retaliation for Plaintiff vocalizing the assault about a star on the football team. The transcript is necessary for Plaintiff to complete the transfer.

43.     As a direct and proximate result of the assault and the deliberate indifference, intentional discrimination and retaliation by UAB, Plaintiff's fears, anxiety, depression and PTSD grew increasingly worse. She has attempted suicide on multiple occasions requiring hospitalization(s) and remains under psychiatric care. She has undergone medical, psychological and psychiatric help. She had ever-increasing fears, anxiety, sleeplessness, panic attacks, feelings of worthlessness and hopelessness, loss of motivation, and a severe decline in overall functioning.

44.     The assailant further continued to harass the Plaintiff and attempted a second assault on her – all of which would have been prevented had UAB undertaken the proper procedures when the original incident was first reported.

45.     UAB acted deliberately indifferent, willfully and maliciously, in bad faith, and beyond their authority all trying to hide an assault on campus. They failed to discharge duties pursuant to detailed rules and regulations concerning reporting of an assault.

## UAB's Duties

46.     As a University seeking to educate students and profit from that relationship, UAB owed Plaintiff a duty of reasonable care. Reasonable care is the degree of caution and concern for the safety of students that an ordinarily prudent and rational University may apply in the same circumstances. Sadly, universities seek to evade

this standard rather than adhere to any degree of reasonableness when it comes to the safety of students.

47.     More specifically, UAB had a duty to act as a reasonable university and apply a reasonable degree of care in hiring, training, and supervising employees and faculty that interact with students throughout the initial reporting of an assault to throughout the entire Title IX process; and/or that apply and enact the University's own policies and procedures; and/or to train the UAB employees about what to do if a student reports an on campus sexual assault; and/or to train the UAB employees on how to conduct an investigation of reports of sexual assaults; and/or to train the UAB employees on how to observe distress in students and to obtain health care for students suffering physically and mentally. Finally, UAB possessed superior knowledge of the risks to Plaintiff, and had the ability to control its employees (who tolerated Plaintiff's sexual assault by a football player) and its student-player (who could have been disciplined under UAB's sexual misconduct policies).

48.     In sum, UAB has and did have a duty to Plaintiff, as well as other students, outside of the existence of a "special relationship." Plaintiff can establish duties owed, as well as violations of said duties, which are not dependent on the existence of a special relationship.

49.     UAB breached its duties to Plaintiff in multiple ways, including by: a. Failing to properly and/or adequately hire, train, and supervise employees and faculty as to

proper methods of dealing with reports of sexual abuse, and investigate same and accommodate victims in a manner that would permit them without undue hindrance, to complete their higher education; b. Failing to properly and timely report incidents or claims of sexual assault; c. Failing to provide adequate counseling and assistance to victims of sexual assault; d. Failing to adequately monitor and supervise departments, including athletic departments, to ensure compliance with protections and standards for sexual assault prevention, reporting, and investigation; e. Failing to discover, develop, and/or implement basic safeguards designed to prevent and/or minimize incidents of sexual assault; f. Failing to investigate and/or monitor persons accused of sexual assault to ensure additional events and/or harassment of victims did not occur; g. Failing to adopt and implement adequate safeguards to prevent known sexual harassment occurring on campus; h. Failing to provide adequate staff, with proper training, to counsel and assist victims of sexual assault; i. Tolerating sexual assailants on campus despite reports to the highest levels of their identities; and despite reports that they continue to bully and/or harass their victims online and/or in person; j. Failing to adopt education programs to promote awareness of rape, acquaintance rape, and other sex crimes; k. Failing to adopt and enforce institutional sanctions for sex offenses, both forcible and non-forcible; l. Failing to adopt and enforce procedures students should follow if they become sexual assault victims, including who should be contacted, the importance of retaining evidence,

and to whom the offense should be reported; m. Failing to inform victims that they have the option of reporting the sexual assault to law enforcement authorities and that they will receive assistance from the institution in the process; n. Failing to notify sexual assault victims about counseling services and options for changing academic schedules and living arrangements in the wake of a sexual assault; o. Failing to put in place an accurate routine procedure to notify the campus community about serious criminal activity that is likely to be a threat to students and employees; p. Failing to adopt and periodically review procedures to make sure they are adequate to address complaints of serious sexual misconduct; q. Failing to develop a clear policy about which kinds of sexual offenses will be handled internally and which will be turned over to the criminal authorities; r. Failing to make the goal of protecting the campus community from sexual assaults and harassment an integral part of the institution's day-to-day mission; and s. Failed to implement anti-retaliation policies for reporting, and/or failed to act on those policies when evidence of retaliatory conduct was uncovered; by allowing co-ed dormitories between females and male football athletes despite prior reporting of sexual assaults involving football players in the same dorm where Plaintiff was assaulted.

50.     Despite the reporting of the incident, UAB police deliberately, willfully, recklessly, and consciously decided not to investigate the matter. UAB also willfully, maliciously, and acted in bad faith by failing to discharge duties and failing to follow

UAB's Title IX Sex Discrimination, Sexual Harassment, and Sexual Violence Policy. UAB never issued a "No-Contact Order"; never provided Plaintiff any relief allowed under UAB's policy including but not limited to: Rescheduling of exams and assignments; Providing alternative course completion options; Modification or change in class schedule, including the ability to drop a course without penalty or to transfer; Change in work schedule or job assignment; Change in student's campus housing; Leaves of absence; Assistance from University support staff in completing housing relocation; Limiting access to certain University facilities or activities pending resolution of the matter voluntary leave of absence; Providing academic support services, such as tutoring; providing Escort services; providing Increased security and monitoring of certain areas of the campus or similar measures; providing referral to counseling services both on and off campus; failed to provide Plaintiff resources on and off campus for trained advocates who can provide crisis response; failed to provide assistance in identifying advocacy support to obtain orders of protection within the criminal justice system, among other things.

51.    Despite having a policy that UAB encourages reporting of all crimes, UAB did not provide Plaintiff any support and did not attempt to investigate her allegations when the rape was reported. UAB's policy states that "appropriate support will be offered in every case"; however, UAB offered no support in this one. Plaintiff's claims were not investigated, she was not provided needed mental health

treatment, she was not protected, and she was not provided with any relief. In fact, after Plaintiff notified UAB police of the incident, the assailant continued to harass the Plaintiff and attempted a second assault of her – all of which would have been prevented. Moreover, Plaintiff's mental health deteriorated further given the lack of response and investigation by the UAB.

52.    The above breaches of Defendant UAB's duties of reasonable care, which flow to all students including Plaintiff, were the proximate cause of substantial injury and damage to Plaintiff, as more specifically described herein.

53.    These damages include, without limitation, great pain of body and mind, physical injury, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; which Plaintiff has suffered and continues to suffer. Plaintiff was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and continues to require medical and psychological treatment.

## V.    Causes of Action

## COUNT I: VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C.1681(a) et seq.,

54.     Plaintiff hereby adopts and realleges each and every allegation in the foregoing paragraphs of this Complaint as if fully set forth herein.

55.     At all times relevant hereto, UAB received federal funding for its educational programs, and was subject to the provisions of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), et. seq., which guaranteed Plaintiff equal access without discrimination to all educational programs at the UAB.

56.     The University's actions and failures to act perpetrated against Plaintiff amounted to unlawful sexual harassment and discrimination on the basis of her gender. The harassment and discrimination was sufficiently severe and pervasive to create an abusive and sexually hostile educational environment for Plaintiff, sufficient that she was forced to leave the campus, and was ultimately a cause of her mental anguish, physical harm, emotional distress, loss of sleep, worry, anxiety, mental illness, and other damages.

57.     UAB was deliberately indifferent to a culture of sexual hostility and violence instituting and/or mis-administering the policies cited herein, including without limitation: • Violating its own policies set forth under Title IX; • Policy of no or little discipline; • Policy of interference with female students' access to help; • Policy of not educating staff/students.

58.     UAB's sexually hostile policies and practices were a proximate cause of Plaintiff being subjected to multiple semesters of sexual harassment in the form of

(1) a hostile educational environment, and (2) ongoing pain, mental anguish, and harassment by forcing her to interact and share a housing facility with her assailant.

59.     The mental pain and anguish that Plaintiff suffered was so severe, pervasive, and objectively offensive that it effectively barred her access to educational opportunities and benefits.

60.    As a direct and proximate result of UAB's creation of and deliberate indifference to its sexually hostile educational environment, Plaintiff suffered damages and injuries for which UAB is liable.

58.    By its actions as described above, UAB engaged in intentional discrimination in violation of Title IX by the actions of the UAB police and personnel in interfering with her ability to obtain needed, immediate treatment because of her reporting of her assault.

59.    Plaintiffs further allege that UAB intentionally discriminated against Plaintiff when the officers refused to provide the required assistance to allow Plaintiff to obtain the available assistance to get not only mental health treatment but also to be certain she would be free from exposure to the assailant. The delay resulted in Plaintiff having to live in the same dorm with the assailant, in the same place where the assault took place, to live in fear, to live in constant remembrance of the event. Ultimately these events and omissions caused Plaintiff to suffer grave mental illness

and attempt suicide on multiple occasions requiring hospitalization and continued care.

60.     When asked to transfer, UAB has refused to expedite her withdrawal and release her transcript.

61.     After Plaintiff reported the assault to three UAB officers in January 2021, the University never investigated Plaintiff's report. The officers did nothing but walk her back to the dorm and tell her it happens. UAB never directed her to Title IX representatives, never put in place a no contact order, never removed the assailant, never did anything to protect Plaintiff or other students despite having knowledge of the assault. In fact, had the UAB police officers investigated the matter they would have prevented a subsequent assault by the same assailant who also assault a fellow UAB student.  UAB breached its duties to Plaintiff in multiple ways, including but not limited to by: a. Failing to properly and/or adequately hire, train, and supervise employees and faculty as to proper methods of dealing with reports of sexual abuse, and investigate same and accommodate victims in a manner that would permit them without undue hindrance, to complete their higher education; b. Failing to properly and timely report incidents or claims of sexual assault; c. Failing to provide adequate counseling and assistance to victims of sexual assault; d. Failing to adequately monitor and supervise departments, including athletic departments, to ensure compliance with protections and standards for sexual assault prevention, reporting,

and investigation; e. Failing to discover, develop, and/or implement basic safeguards designed to prevent and/or minimize incidents of sexual assault; f. Failing to investigate and/or monitor persons accused of sexual assault to ensure additional events and/or harassment of victims did not occur; g. Failing to adopt and implement adequate safeguards to prevent known sexual harassment occurring on campus; h. Failing to provide adequate staff, with proper training, to counsel and assist victims of sexual assault; i. Tolerating sexual assailants on campus despite reports to the highest levels of their identities; and despite reports that they continue to bully and/or harass their victims online and/or in person; j. Failing to adopt education programs to promote awareness of rape, acquaintance rape, and other sex crimes; k. Failing to adopt and enforce institutional sanctions for sex offenses, both forcible and non-forcible; l. Failing to adopt and enforce procedures students should follow if they become sexual assault victims, including who should be contacted, the importance of retaining evidence, and to whom the offense should be reported; m. Failing to inform victims that they have the option of reporting the sexual assault to law enforcement authorities and that they will receive assistance from the institution in the process; n. Failing to notify sexual assault victims about counseling services and options for changing academic schedules and living arrangements in the wake of a sexual assault; o. Failing to put in place an accurate routine procedure to notify the campus community about serious criminal activity that is likely to be a threat to

students and employees; p. Failing to adopt and periodically review procedures to make sure they are adequate to address complaints of serious sexual misconduct; q. Failing to develop a clear policy about which kinds of sexual offenses will be handled internally and which will be turned over to the criminal authorities; r. Failing to make the goal of protecting the campus community from sexual assaults and harassment an integral part of the institution's day-to-day mission; and s. Failed to implement anti-retaliation policies for reporting, and/or failed to act on those policies when evidence of retaliatory conduct was uncovered; by allowing co-ed dormitories between females and male football athletes despite prior reporting of sexual assaults involving football players in the same dorm where Plaintiff was assaulted.

61.     Despite the reporting of the incident, UAB police deliberately, willfully, recklessly, and consciously decided not to investigate the matter. UAB also willfully, maliciously, and acted in bad faith by failing to discharge duties and failing to follow UAB's Title IX Sex Discrimination, Sexual Harassment, and Sexual Violence Policy. UAB never issued a "No-Contact Order"; never provided Plaintiff any relief allowed under UAB's policy including but not limited to: Rescheduling of exams and assignments; Providing alternative course completion options; Modification or change in class schedule, including the ability to drop a course without penalty or to transfer; Change in work schedule or job assignment; Change in student's campus housing; Leaves of absence; Assistance from University support staff in completing

housing relocation; Limiting access to certain University facilities or activities pending resolution of the matter voluntary leave of absence; Providing academic support services, such as tutoring; providing Escort services; providing Increased security and monitoring of certain areas of the campus or similar measures; providing referral to counseling services both on and off campus; failed to provide Plaintiff resources on and off campus for trained advocates who can provide crisis response; failed to provide assistance in identifying advocacy support to obtain orders of protection within the criminal justice system, among other things.

62.   Despite having a policy that UAB encourages reporting of all crimes, UAB did not provide Plaintiff any support and did not attempt to investigate her allegations when the rape was reported. UAB's policy states that "appropriate support will be offered in every case"; however, UAB offered no support in this one. Plaintiff's claims were not investigated, she was not provided needed mental health treatment, she was not protected, and she was not provided with any relief. In fact, after Plaintiff notified UAB police of the incident, the assailant continued to harass the Plaintiff and attempted a second assault of her – all of which would have been prevented. Moreover, Plaintiff's mental health deteriorated further given the lack of response and investigation by the UAB.

64.     Each of the foregoing actions support Plaintiff's contention that UAB engaged in their own acts of intentional discrimination against Plaintiff, which are sufficient to support an allegation of a Title IX violation.

65.     UAB violated Title IX by failing to protect Plaintiff while on campus in her assigned dormitory.

66.     At all times relevant to this complaint, UAB had actual notice of Plaintiff's Title IX complaint and failed to adequately and reasonably respond, in violation of Title IX and the University of Alabama at Birmingham's Sexual Misconduct and other policies, subjecting Plaintiff to further abuse and harassment.

67.     UAB employees employed as police officers were notified by Plaintiff of the sexual assault on campus at her dormitory; however, the officers rather than investigate the matter returned Plaintiff to the scene of the assault and told her it happens. They did not ask her any questions, they did not compile a report, they did not do anything to assist Plaintiff, they did not direct Plaintiff to a Title IX officer, they did not get Plaintiff any mental health treatment which she desperately needed, they did not put in place anything to protect Plaintiff, to assist Plaintiff or to protect the other students of the University. In fact, failure to investigate and properly handle led to not only Plaintiff's continued fear, anxiety, and mental health injuries, the assailant also sexually assaulted another UAB student. Defendant failed to address known instances of student on student sexual assaults; Defendant engaged in

deliberately encouraged Plaintiff to ignore what happened to her; Defendant intentionally, deliberately, willfully, maliciously, and in bad faith decided to not investigate Plaintiff's report; Defendant made the deliberate choice to not take any action when Plaintiff first reported the rape.

68.     Under UAB's sexual assault policies and procedures, UAB was required to assess both the complaint and the danger posed to Plaintiff and the UAB community. Not doing so was a gross dereliction of UAB's duties, and was in deliberate indifference to Plaintiff's rights to receive an education at the University of Alabama at Birmingham. This indifference and choice by UAB not to investigate or assist Plaintiff resulted in Plaintiff's escalating fear that she would not be safe on campus and led to Plaintiff's decision to attempt suicide on multiple occasions and ultimately to leave UAB for her health and safety. It also led to the assailant's continued harassment of the Plaintiff and a second attempt to sexually assault her.

69.     UAB was deliberately indifferent to Plaintiff's complaints of rape by the assailant. Its inaction in response to Plaintiff's reporting of the incident, its failure to support and protect her rights under Title IX were clearly unreasonable in light of the known circumstances. The UAB officers refused to ask questions, complete a report, investigate Plaintiff's complaint, failed to protect Plaintiff, failed to provide her any Title IX assistance in connection with the rape. UAB's officers deliberately refused even to enter Plaintiff's complaint onto UAB's internal database which

records complaints, until nearly one year later, when Plaintiff's parent insisted and Plaintiff requested an academic accommodation. As a result, Plaintiff was subject to a continuing sexually hostile environment on the UAB campus, a loss of educational opportunity at the University, mental anguish to the degree that Plaintiff attempted to take her life on multiple occasions, continued harassment by the assailant, and a second attempt to harm Plaintiff.

70.    UAB acted with deliberate indifference in deviating significantly from the statutory standard of care requirements of Title IX outlined in the U.S. Department of Education's guidance letters and from the requirements of its own policies and procedures.

71.    UAB failed to enact and/or disseminate and/or implement proper or adequate procedures to discover, prohibit, or remedy the kind of discrimination that Plaintiff suffered. This failure included, without limitation, non-existent or inadequate customs, policies, or procedures for training staff and faculty in Title IX requirements and their own Title IX policy, including the recognition, reporting, investigation, and correction of unlawful Title IX discrimination and retaliation such as Plaintiff experienced.

72.    UAB knew or should have known that dangerous consequences could be suffered by individuals, including UAB student Plaintiff, by failing to properly train and supervise its employees regarding the requirements of its Sexual Misconduct

Policies. These failures amounted to deliberate indifference toward the unlawful sexual conduct and retaliatory conduct that had occurred, was occurring, and was likely to continue occurring to Plaintiff. As a result, Plaintiff was subject to continuing harassment and a loss of educational opportunities at the UAB, suffered continuous fear, worry, anxiety, and mental illness.

73.   UAB's policies, customs, or practices in failing to train and supervise its employees in proper procedure for responding to Title IX complaints fairly, equitably, and without retaliation, were the proximate cause of, and moving force behind, the violation of Plaintiff's rights under Title IX, which led to her multiple attempts at loss of life. The UAB officers whom Plaintiff reported the incident deliberately did not investigate the matter, did not take down any information from the Plaintiff, did not provide her any direction or guidance on Title IX protections, did not provide her any protections, did not provide her medical and mental health care, to the contrary, the UAB police returned Plaintiff to the dorm and told her it happens. The UAB police officers failure to file a report, get Plaintiff help, provide her direction on Title IX relief, to impose a no contact order, to investigate the complaint in January 2021, and to respond at all was clearly unreasonable in light of the known circumstances. Moreover, UAB further has known of the assault since January 2021 and still has not concluded an investigation into the matter – nearly

one year and half after she reported the incident, there is still no completed investigation. This is clearly an unjustified lengthy delay for which UAB is liable.

74.   UAB was deliberately indifferent to Plaintiff's complaint when it failed to undertake any investigation of Plaintiff's complaint against the assailant once it was notified in January 2021. This initial failure led to the further failure to consider whether it could or should enter a no trespass or no contact order against the assailant. UAB had sufficient control over its student athletes. This deliberate indifference led Plaintiff to withdraw from the University, resulting in the loss of Plaintiff's educational opportunities at UAB. The University's conduct also resulted in Plaintiff's rapid descent into complete emotional instability, which ultimately led to multiple attempts to take her own life.

75.   Plaintiff's notification to the University that she had been raped on campus in Blazer Hall, which was made through the UAB Police Department in January 2021, was a protected Title IX complaint. An investigation should have been conducted and under the University's Sexual Misconduct Policy, and triggered all of Plaintiff's rights to be protected under Title IX.

76.   UAB's Policy reads: "Any individual who believes they have experienced or witnessed Prohibited Conduct or related retaliation is encouraged to report the behavior to a Designated Responsible Reporting Official, who will notify the Title IX Coordinator. When a Responsible Reporting Official, while acting in their

official capacity as a University employee, knows or reasonably should know of the alleged offense, the University is deemed to have notice of the alleged incident and will take appropriate action, including measures aimed at ending the inappropriate conduct, preventing its recurrence, and remediating its effects."

77.    UAB retaliated against Plaintiff by refusing to intervene, refusing to conduct an investigation, refusing to protect Plaintiff and other students from the assailant, by forcing Plaintiff to share a dormitory with the assailant, by refusing to provide any protections, by refusing to allow her to transfer to another institution, and by refusing to release her transcript.  All of these retaliatory actions were taken because of Plaintiff's protected Title IX complaint. Knowing that any of these actions could befall them would cause other students to question whether they should risk making a Title IX complaint to the University.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant for all damages awardable under Title IX.

**COUNT 2: GENDER DISCRIMINATION UNDER TITLE IX: DELIBERATE INDIFFERENCE TO PLAINTIFF'S RAPE (Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a))**

78.    Plaintiff incorporates by reference all preceding facts and allegations set forth above.

79.    UAB was on notice and aware of Plaintiff's rape as well as the fact it took place in Blazer Hall, a dormitory housing only students, including football players.

80.    UAB deliberately chose not to fully investigate the football player, even after the rape of Plaintiff and her subsequent report to the UAB police in January 2021. UAB's response to Plaintiff's reporting of the sexual assault was clearly unreasonable. UAB police discouraged Plaintiff from pursuing the matter, dismissed her report of a rape by stating that "it happens", by refusing to undertake any investigation which subjected Plaintiff to further harassment by the assailant, a second attempt to assault Plaintiff, further worry, emotional distress, anxiety and mental anguish, self-harm, continued feelings of being unsafe while having to remain in the same dormitory with the assailant. UAB's response was clearly unreasonable as it placed Plaintiff vulnerable to additional discrimination and sexual harassment by the assailant. The harassment was severe, pervasive, and objectively offensive that it effectively barred the Plaintiff's access to an educational opportunity or benefit. UAB failed to take any precautions that would prevent future attacks from the assailant by, for example, removing him from student housing or suspending him and by failing to implement a more protective sexual harassment policy to handle future incidents, by investigating the matter, by providing Plaintiff other safety protections available to UAB.

81.    From January 2021 until sometime nearly one year later, UAB failed to acknowledge Plaintiff's reporting of the incident and such failure to investigate the

assault, conduct any disciplinary hearings, or contact Plaintiff and offer any assistance or resources was clearly unreasonable. UAB also deliberately:

a. failed to proper hire, train and retain officers, staff and faculty as to proper methods to deal with reports of sexual abuse, investigate same and accommodate victims in a manner that would permit them to without undue hindrance, and complete their higher education;

b. Failed to properly and timely report incidents of sexual assault;

c. Failed to provide adequate counseling and assistance to victims of sexual assault;

d. Failed to adequately monitor and supervise departments, including athletic departments, to ensure compliance with protections and standards for sexual assault prevention, reporting and investigation;

e. Failed to discover, develop and/or implement basic safeguards designed to prevent and/or minimize incidents of sexual assault;

f. Failed to investigate and/or monitor persons accused of sexual assault to ensure additional events did not occur;

g. Failed to adopt and implement adequate safeguards to prevent known sexual harassment occurring on campus;

h. Failed to provide adequate staff, with proper training, to counsel and assist victims of sexual assault;

i. Tolerated sexual assailants on campus despite reports to the highest levels of their identities;

j. Failed to adopt education programs to promote awareness of rape, acquaintance rape, and other sex crimes;

k. Failed to adopt and enforce institutional sanctions for sex offenses, both forcible and non-forcible;

l. Failed to adopt and enforce procedures students should follow if they become sexual assault victims, including who should be contacted, the importance of retaining evidence, and to whom the offense should be reported;

m. Failed to inform victims that they have the option of reporting the sexual assault to law enforcement authorities and that they will receive assistance from the institution in the process;

n. Failed to notify sexual assault victims about counseling services and options for changing academic schedules and living arrangements in the wake of a sexual assault and address or protect against retaliation in the wake of reporting a sexual assault;

o. Failed to put in place an accurate routine procedure to notify the campus community about serious criminal activity that is likely to be a threat to students and employees;

p. Failed to adopt and periodically review procedures to make sure they are adequate to address complaints of serious sexual misconduct.

q. Failed to develop a clear policy about which kinds of sexual offenses will be handled internally and which will be turned over to the criminal authorities;

r. Failed to recognize and address the high propensity of rapes and sexual assaults taking place in co-ed dorms, especially in Blazer Hall where football athletes cohabitate with females; and

s. Failed to make the goal of protecting the campus community from sexual assaults and harassment an integral part of the institution's day-to-day mission of providing a safe and secure learning and working environment.

t. Failed to abide by, enforce or follow the rules and regulations of the UAB, including but not limited to UAB's Sexual Discrimination and Harassment Policy concerning the reporting of an assault by a fellow UAB student, and willfully and maliciously, recklessly failed to investigate the complaint, and failed to provide Plaintiff any of the following relief allegedly available under the UAB's policies and procedures: a "No-Contact Order"; never provided Plaintiff any relief allowed under UAB's policy including but not limited to: Rescheduling of exams and assignments; Providing alternative course completion options; Modification or change in class schedule, including the ability to drop a course without penalty or to transfer; Change in work schedule or job assignment; Change in student's campus housing; Leaves of absence; Assistance from University support staff in completing housing relocation; Limiting access to certain University facilities or activities pending

resolution of the matter voluntary leave of absence; Providing academic support services, such as tutoring; providing Escort services; providing Increased security and monitoring of certain areas of the campus or similar measures; providing referral to counseling services both on and off campus; failed to provide Plaintiff resources on and off campus for trained advocates who can provide crisis response; failed to provide assistance in identifying advocacy support to obtain orders of protection within the criminal justice system, among other things. UAB's own rules, regulations and policies state that all reports of a criminal nature, especially the reporting of an assault by a fellow student, would be investigated and a litany of relief is allegedly available under the policies. However, UAB breached their own policies by willfully, recklessly, maliciously and in bad faith refusing to investigate the matter and to provide any of the allegedly available relief to the Plaintiff. UAB failed to discharge their duties pursuant to UAB's own policies and procedures.

82.     UAB's deliberate indifference to Plaintiff's rape exposed her to continued mental pain and anguish and sexual harassment which was so severe, pervasive, and objectively offensive that it effectively barred her access to meaningful educational opportunities and benefits including academics, athletic programs, and on-campus events and activities.

83.     As a direct and proximate result of UAB's deliberate indifference to Plaintiff's rape, Plaintiff suffered damages and injuries for which UAB is liable.

**WHEREFORE, the above premises considered**, Plaintiff seeks any and all available damages, including but not limited to

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

*/s/ Jamie A. Johnston*
_____
Counsel for Plaintiff

**OF COUNSEL:**
Jamie A. Johnston, P.C.
509 Cloverdale Road, Suite 101
Montgomery, Alabama 36106
334.202.9228
334.265.8789- facsimile
jamie@jjohnstonpc.com

**MAILING ADDRESS:**
Jamie A. Johnston, P.C.
PO Box 4663
Montgomery, Alabama 36103

## CERTIFICATE OF SERVICE

A copy of the foregoing has been transmitted to the following counsel of record via the Court's electronic filing system and/or via electronic mail by the Undersigned counsel for the Plaintiff on this the 3rd day of February 2023.

Jay Ezelle
Breanna H. Young
Starnes Davis Florie, LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
jezelle@starneslaw.com
byoung@starneslaw.com

*/s/ Jamie A. Johnston*
_____
OF COUNSEL

35