

FILED
2023 Feb-17  AM 08:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JANE DOE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | |
| ) | **2:22-cv-00829-MHH** |
| **THE BOARD OF TRUSTEES OF** ) | |
| **THE UNIVERSITY OF ALABAMA,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT THE BOARD OF TRUSTEES OF
THE UNIVERSITY OF ALABAMA'S ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT**

COMES NOW The Board of Trustees of The University of Alabama (hereinafter "the Board" or "Defendant"), and submits this Answer to the Amended Complaint (Doc. 18):

**I.      Parties**

1.      Defendant admits Jane Doe is a female and was a student at The University of Alabama at Birmingham ("UAB"). Defendant admits Jane Doe lived in Blazer Hall on the campus of UAB. Defendant admits Jane Doe now alleges a sexual assault occurred in Blazer Hall. Defendant denies any wrongdoing and the commission of any unlawful acts as alleged in the Amended Complaint.

2.      Defendant admits UAB is a state entity as a subdivision of The Board of Trustees of The University of Alabama, which is also an entity of the State of

{B4516168}

Alabama.  Defendant admits UAB is located in Birmingham, Alabama.  Defendant denies any wrongdoing and the commission of any unlawful acts as alleged in the Amended Complaint.

## II.   Jurisdiction and Venue

3.      Defendant admits that this Court has subject matter jurisdiction over this lawsuit. Defendant denies that the claims at issue involve state laws. Defendant denies any wrongdoing and the commission of any unlawful acts as alleged in the Amended Complaint.

4.      Defendant admits that venue is proper. Defendant denies any wrongdoing and the commission of any unlawful acts as alleged in the Amended Complaint.

5.      Defendant admits the Amended Complaint alleges violations of Title IX, 20 U.S.C.§ 1681(a). Defendant denies the remaining allegations in Paragraph 5 and denies any wrongdoing and the commission of any unlawful acts as alleged in the Amended Complaint.

## III.   Applicable Law

6.      Defendant admits Paragraph 6 contains a correct quotation of 20 U.S.C. § 1681(a).  Defendant denies any wrongdoing and the commission of any unlawful acts as alleged in the Amended Complaint.

7.      Defendant admits Paragraph 7 contains a correct quotation.  Defendant denies any wrongdoing and the commission of any unlawful acts as alleged in the Amended Complaint.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

**IV.    General Allegations**

15.     Admitted.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.    Defendant admits as follows: On November 10, 2021, UAB Police received a report from a UAB student that Jane Doe had posted a video in which she stated that she was the victim of an alleged sexual assault. UAB Police completed an Incident Report based on that video and the subsequent actions taken to ensure Jane Doe's safety. UAB's Title IX Office was also made aware of Doe's allegations and began responding in accordance with its policies. On November 15, 2021, as part of a follow up investigation, UAB Police interviewed Jane Doe regarding the report made by the UAB student. Except as expressly admitted, Defendant denies the allegations in Paragraph 23 and demands strict proof thereof.

24.    Denied.

25.    Denied.

26.    Defendant admits Blazer Hall is a co-ed residence hall. Except as expressly admitted, Defendant denies the allegations in Paragraph 26 and demands strict proof thereof.

27.    Defendant admits Plaintiff was a student at UAB. Except as expressly admitted, Defendant denies the allegations in Paragraph 27 and demands strict proof thereof.

28.    At this time, Defendant lacks sufficient information to admit or deny the allegations in this Paragraph and therefore denies the allegations and demands strict proof thereof.

29.    At this time, Defendant lacks sufficient information to admit or deny the allegations in this Paragraph and therefore denies the allegations and demands strict proof thereof.

30.    Defendant admits as follows: On November 10, 2021, UAB Police received a report from a UAB student that Jane Doe had posted a video in which she stated that she was the victim of an alleged sexual assault. UAB Police completed an Incident Report based on that video and the subsequent actions taken to ensure Jane Doe's safety. UAB's Title IX Office was also made aware of Doe's allegations and began responding in accordance with its policies. On November 15, 2021, as part of a follow up investigation, UAB Police interviewed Jane Doe regarding the report made by the UAB student. Except as expressly admitted, Defendant denies the allegations in Paragraph 30 and demands strict proof thereof.

31.    Denied.

32.    Defendant admits Title IX speaks for itself. Except as expressly admitted, Defendant denies the allegations in Paragraph 32 and demands strict proof thereof.

33.    Defendant admits it has a "Title IX Sex Discrimination, Sexual Harassment, and Sexual Violence Policy." Defendant admits it has complied with the Title IX Sex Discrimination, Sexual Harassment, and Sexual Violence Policy.

Except as expressly admitted, Defendant denies the allegations in Paragraph 33 and demands strict proof thereof.

34.     Defendant admits it has complied with the Title IX Sex Discrimination, Sexual Harassment, and Sexual Violence Policy. Except as expressly admitted, Defendant denies the allegations in Paragraph 34 and demands strict proof thereof.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Defendant admits it has authority to dismiss students subject to its policies and procedures. Except as expressly admitted, Defendant denies the allegations of Paragraph 38 and demands strict proof thereof.

39.     Denied.

40.     At this time, Defendant lacks sufficient information to admit or deny the allegations in this Paragraph and therefore denies the allegations and demands strict proof thereof.

41.     Denied.

42.     Defendant admits Plaintiff withdrew from classes at UAB. Except as expressly admitted, Defendant denies the allegations in Paragraph 42 and demands strict proof thereof.

43.     Denied.

44.     At this time, Defendant lacks sufficient information to admit or deny the allegations that "the assailant further continued to harass Plaintiff and attempted a second assault on her." Defendant denies the remaining allegations in Paragraph 44 and demand strict proof thereof. Defendant specifically denies any wrongdoing and the commission of any unlawful acts as alleged in the Amended Complaint.

45.     Denied.

**UAB's Duties**

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

## V.     Causes of Action

**Count I: VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. 1681(a) et seq.,**

54.     Defendant adopts and incorporates its responses to Paragraphs 1-53 as if fully set forth herein.

55.     Defendant admits it is subject to Title IX. Except as expressly admitted, Defendant denies the allegations in Paragraph 55 and demands strict proof thereof.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     [Misnumbered as 58.] Denied.

62.     [Misnumbered as 59.] Denied.

63.     [Misnumbered as 60.] Denied.

64.     [Misnumbered as 61.] Denied.

65.     [Misnumbered as 61.] Denied.

66.     [Misnumbered as 62.] Denied.

67.     [Misnumbered as 64.] Denied.

68.     [Misnumbered as 65.] Denied.

69.     [Misnumbered as 66.] Denied.

70.     [Misnumbered as 67.] Denied.

71.     [Misnumbered as 68.] Denied.

72.     [Misnumbered as 69.] Denied.

73.     [Misnumbered as 70.] Denied.

74.     [Misnumbered as 71.] Denied.

75.     [Misnumbered as 72.] Denied.

76.     [Misnumbered as 73.] Defendant admits as follows: On November 10, 2021, UAB Police received a report from a UAB student that Jane Doe had posted a video in which she stated that she was the victim of an alleged sexual assault. UAB Police completed an Incident Report based on that video and the subsequent actions taken to ensure Jane Doe's safety. UAB's Title IX Office was also made aware of Doe's allegations and began responding in accordance with its policies. On November 15, 2021, as part of a follow up investigation, UAB Police interviewed Jane Doe regarding the report made by the UAB student. Except as expressly admitted, Defendant denies the allegations in Paragraph 76 (which is misnumbered as 73) and demands strict proof thereof.

77.     [Misnumbered as 74.] Denied.

78.     [Misnumbered as 75.] Denied.

79.     [Misnumbered as 76.] Denied.

80.     [Misnumbered as 77.] Denied.

Unnumbered paragraph.  Defendant denies Plaintiff is entitled to any of the relief sought in this Paragraph.

## COUNT 2: GENDER DISCRIMINATION UNDER TITLE IX: DELIBERATE INDIFFERENCE TO PLAINTIFF'S RAPE (Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a))

81.  [Misnumbered as 78.] Defendant adopts and incorporates its responses to Paragraphs 1-80 as if fully set forth herein.

82.  [Misnumbered as 79.] Denied.

83.  [Misnumbered as 80.] Denied.

84.  [Misnumbered as 81.] Denied.

85.  [Misnumbered as 82.] Denied.

86.  [Misnumbered as 83.] Denied.

Unnumbered Paragraph:  Defendant denies Plaintiff is entitled to any of the relief sought in this Paragraph.

### JURY DEMAND:

Defendant denies that Plaintiff is entitled to trial.

### AFFIRMATIVE DEFENSES

To the extent that any allegations or claims in the Amended Complaint have not been admitted herein, they are denied. Now having answered each and every paragraph of the Amended Complaint, Defendant asserts the following affirmative defenses to the Amended Complaint but does not assume the burden of proof on any such defense, except as required by applicable law with respect to the particular defenses asserted. Defendant expressly disavows any intent to waive defenses by

operation of FED. R. CIV. P. 12(h). Defendant reserves the right to assert additional defenses and/or otherwise to supplement.

## FIRST AFFIRMATIVE DEFENSE

Neither Plaintiff's gender nor any other protected classification or activity, was a factor or considered in any decision or action relating to Plaintiff's allegations.

## SECOND AFFIRMATIVE DEFENSE

All decisions at issue relating to Plaintiff, were based on legitimate, non-discriminatory reasons.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whose intervening conduct or negligence Defendant is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff's gender or other protected status or activity was a factor in any of the decisions at issue and further denies it discriminated or retaliated against Plaintiff in any manner whatsoever; however, to the extent that the fact finder determines otherwise, Defendant states that the same decision would have been made absent the alleged impermissible motive(s).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Amended Complaint because, even if Defendant was found to have considered her gender or

alleged protected activity in any decision or action with respect to Plaintiff, which Defendant denies, such decision was not motivated by Plaintiff's gender or alleged protected activity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Amended Complaint because, even if any unlawful discrimination occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not committed, condoned, authorized, permitted, countenanced, ratified, or approved by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of Waiver, Collateral Estoppel, Res Judicata, Ratification, Laches, Consent and claim and/or issue preclusion.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Amended Complaint because, even if any unlawful discrimination or retaliation occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not within the actual or constructive knowledge of Defendant and other appropriate management personnel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are limited to the extent she has failed or refused to mitigate the damages she claims were caused by the delay in the underlying Title IX investigation because those delays were due, in part, to

Plaintiff's unavailability for an interview and other steps Plaintiff or her representatives took that ultimately delayed the investigation and hearing.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts each defense available under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based upon matters which occurred, or failed to occur, outside of the applicable statute of limitations for any of her claims, those claims are barred by the statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.  Defendant is not subject to an award of punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Subjecting Defendant to punitive damages in this case or affirming an award of punitive damages would violate the United States Constitution, federal law, as well as the Alabama Constitution.  Furthermore, Defendant adopts all defenses made available under the decision rendered by the United States Supreme Court in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 809 (1996).

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred to the extent Plaintiff seeks remedies beyond those that she would be entitled to receive under the statutory provisions at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are limited in whole or in part by statute and/or law. *See, e.g., Cummings v. Premier Rehab Keller P.L.L.C.*, 142 S. Ct. 1562 (2022); 42 U.S.C. § 1981a.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Title IX claims are barred to the extent that there is no private right of action for regulatory enforcement under Title IX.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant committed no act or omission with the intent to cause harm, injury, or other damage to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because she lacks standing, and, to the extent applicable, by the doctrine of judicial estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant denies any liability under the theories of respondeat superior, vicarious liability, agency, or otherwise.

### TWENTIETH AFFIRMATIVE DEFENSE

All decisions, if any, attributable to Defendant or its authorized agents which Plaintiff challenges in this action were made in good faith.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot establish the prerequisites for relief and cannot establish a prima facie case of discrimination or retaliation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant did not act with or exhibit deliberate indifference, malice, or negligence.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant complied with all its Title IX policies and procedures.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant has no ability to grant equitable relief requested by Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a "double recovery" for damages under the law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant did not commit intentionally discriminatory or retaliatory acts, either personally or through the direction of others, and Defendant did not knowingly or deliberately acquiesce in discriminatory or retaliatory acts being committed by

subordinates (which Defendant denies occurred) without intervening to stop such discrimination or retaliation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of waiver.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Subjecting Defendant to Plaintiff's Title IX claims is unconstitutional, as Congress exceed its authority under the Spending Clause by authorizing private litigation against States that do not wish to consent to suit and did not receive adequate notice that it could be liable in damages for the harm alleged here.

## THIRTIETH AFFIRMATIVE DEFENSE

The challenged actions in question are consistent with Defendant's policies and procedures and were applied to Plaintiff in a non-discriminatory and non-retaliatory manner.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

All actions of Defendant were based upon reasonable, non-discriminatory actions and motives. Even if Plaintiff could prove any of her allegations of discrimination and retaliation, which she cannot, there are alternative nondiscriminatory reasons for any actions taken by Defendant, and Defendant asserts a Mt. Healthy defense. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief because she has "unclean hands" with respect to her complaints about the delays in the underlying Title IX investigation because many of the delays were caused by her unavailability for an interview and other acts by her or her representatives. Accordingly, she cannot seek to recover damages for the delay that she has caused or seek to interfere with the underlying Title IX investigation. To be clear, the University takes no position in this defense regarding the alleged sexual assault as no findings of responsibility were made in the Title IX investigation.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against Defendant for any of her claims. Furthermore, Plaintiff would not be entitled to an award of punitive damages, as they have not been sufficiently pled and cannot prove facts sufficient to support such an award under applicable law. Defendant hereby pleads all defenses made available to it by the U.S. Supreme Court's decision in *Kolstad v. American Dental Ass'n.*, 257 U.S. 526 (1999), as well as all other statutory, case law, and constitutional principles and limitations.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Title IX claims are barred by the Eleventh Amendment, as the Board has not waived such immunity protections as to the claims at issue here.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief as she has adequate remedies at law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims and/or recovery are barred in whole or in part because of after-acquired evidence of wrongful conduct. *See McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995); *Wallace v. Dunn Construction Co.*, 62 F.3d 374 (11th Cir. 1995).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant denies Plaintiff is entitled to recover attorney's fees and/or costs.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Any wrongful or illegal act by any employees of Defendant was committed outside the line and scope of such employees' employment, and Defendant is not liable for acts of its employees committed outside the line and scope of employees' employment.

## FORTIETH AFFIRMATIVE DEFENSE

Defendant's action, or inaction, was not the proximate or legal cause of any damages alleged or sustained by Plaintiff.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendant did not act with, and Plaintiff cannot prove that Defendant did act with, evil motive or intent, or reckless or callous indifference to, Plaintiff's federally protected rights.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America or the Constitution and laws of the State of Alabama.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Defendant did not act under color of state law and did not deprive Plaintiff of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for injunctive or other equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff can prove no causal link between any alleged protected activity and any alleged adverse action.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendant is immune under the Eleventh Amendment to the United States Constitution and Article 1, Section 14 of the Constitution of the State of Alabama.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove that Defendant was deliberately indifferent to any sexual harassment of which Defendant had actual knowledge.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was not deprived of access to educational opportunities or benefits provided by Defendant.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Defendant states that it maintained an effective policy for reporting and redressing the misconduct referenced in Plaintiff's Complaint and that the policy includes procedures for a prompt and equitable resolution of complaints.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because the Defendant exercised reasonable care to prevent and correct promptly any sexual harassment or misconduct and because Plaintiff failed to timely notify Defendant of the alleged assault and failed to take advantage of any preventive or corrective opportunities provided by the Defendant.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to the U.S. Constitution, the Eleventh Amendment, the Constitution of the State of Alabama, and the legal

doctrines of absolute immunity, substantive immunity, qualified immunity, and sovereign immunity.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Pending further discovery or amended pleadings, Defendant reserves the right to claim such other affirmative defenses as it deems appropriate.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for emotional distress damages is barred pursuant to *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022).

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for emotional distress damages are barred because violations of Spending Clause legislation cannot give rise to a claim for emotional distress damages.

At the time this Answer is filed, discovery has not yet been completed, and accordingly, Defendant reserves the right to assert additional defenses or provide supplemental answers to Plaintiff's Amended Complaint if and when it becomes appropriate to do so.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff's Amended Complaint is dismissed in its entirety with prejudice and that Plaintiff takes nothing by her Amended Complaint;

2.     That Defendant is awarded its costs of suit incurred herein, including its actual attorney's fees and costs; and

3.     For such other, further, and different relief as the Court shall deem just, necessary and proper.

**Respectfully submitted, this the 17th day of February 2023.**

/s/Jay M. Ezelle
Jay M. Ezelle (ASB-4744-Z72J)
Breanna H. Young (ASB-9133-A52H)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
Email: jezelle@starneslaw.com
          byoung@starneslaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, I electronically filed the foregoing through the Court's CM-ECF system which will send notification of such filing to all parties of record, including the following:

Jamie A. Johnston
JAMIE A. JOHNSTON, P.C.
P.O. Box 4663
Montgomery, Alabama 36103
jamie@jjohnstonpc.com

*Attorney for Jane Doe, Plaintiff*

/s/Jay M. Ezelle
OF COUNSEL